## CIRCUIT COURT OF THE CITY OF RICHMOND

James E. Lyne

v.

Signet Bank/Virginia et al.

February 24, 1997

Case No. LA-1521-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court again on defendants' Signet Bank and Robert C. Astrop, III's Plea in Bar raising the statute of limitations, workers' compensation, the Statute of Frauds and a Demurrer to plaintiff's Amended Motion for Judgment. (The court earlier ruled on similar Pleas and a Demurrer and allowed plaintiff to plead over.)

In the Amended Motion for Judgment, plaintiff alleges in four counts claims for fraud, intentional infliction of emotional distress, and breach of contract. Plaintiff also seeks recovery of punitive damages which is designated as the fourth count. The fourth count is designated Punitive Damages and realleges and incorporates all foregoing paragraphs which allege facts and the substantive counts of fraud, intentional infliction of emotional distress, and breach of contract.

Based on the pleading the essential facts are as follows. The case grows out of plaintiff's employment with Signet Bank as a sales manager for a subsidiary called Signet Advisory Services (SAS). SAS is in the business of selling insurance. Astrop, who was then a Vice-President of Signet Bank, contacted plaintiff in January, 1993 to discuss employment with Signet. After a series of meetings in January, February, and March, 1993 plaintiff accepted an offer of employment Astrop had made and agreed to start working on April 1, 1993. Plaintiff made Astrop aware that he was doing well in his present position selling insurance and investments with Massachusetts Mutual. He told Astrop

about the level of compensation he had made historically; Astrop assured plaintiff that at SAS he could earn considerably more just in his first year.

Astrop had indicated a number of terms of employment should plaintiff accept the position as sales manager. These covered levels of commission plaintiff would receive upon the sale of certain insurance products, plaintiff's ability to continue to trade and sell investments with previous clients, Signet's referral quotas to SAS, direct mail programs, a $300.00 a month allowance for expenses, full employment status with Signet within six to twelve months with full benefits and that selling agreements with at least seven insurers were already in place. After plaintiff began working, he found that a number of these conditions did not exist. When plaintiff confronted Astrop, he admitted lying about the various terms in order to get plaintiff to take the job. Because the statements of Astrop did not bear out, plaintiff filed this lawsuit on June 12, 1995, seeking compensatory and punitive damages on the grounds mentioned.

### Fraud

Defendants argue that the statute of limitations of two years provided in § 8.01-243(A) bars plaintiff from asserting this claim. Plaintiff asserts that the cause of action did not accrue until late June, 1993 when Astrop admitted he had lied. Only then, plaintiff contends, did he know that fraud had been perpetrated. Under § 8.01-249(1) a cause of action for fraud does not accrue until the fraud is discovered or by the exercise of due diligence should have been discovered. However, as defendant contends, plaintiff should have become aware of the misrepresentations after he began work on April 1, 1993, not when Astrop admitted he lied in June, 1993.

In addition, a claim of fraud must be based on present or preexisting fact not on unfulfilled promises about the future. Defendants contend that the pleadings fail to allege that Astrop had the present intention to deceive when the misrepresentations were made. Thus, they fail to mount a cognizable cause of action. See *Elliott v. Shore Stop*, 238 Va. 237 (1989). But the pleadings do recite that Astrop knew of the deceptions when he made them. This is enough at this stage to survive a demurrer. As to what plaintiff knew and when he should have known it, the court will reserve judgment for purposes of ruling on the statute of limitations according to further developments in the case. Accordingly, the Plea of the statute of limitations is taken under advisement.

## Intentional Infliction of Emotional Distress

Questions of bar by the statute of limitations and exclusivity of remedy under workers' compensation aside, this claim fails because the conduct alleged is not sufficiently outrageous or extreme to constitute a cause of action for intentional infliction of emotional distress. The tests for such claims are set out in *Womack v. Eldridge*, 215 Va. 338 (1974), and *Russo v. White*, 241 Va. 23 (1941). The facts alleged do not satisfy the second prong of the four part test for a viable claim for intentional infliction of emotional distress, namely, "the conduct ... . [is] so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* p. 27. The facts alleged only set out a case in contract or fraud. Defendants' demurrer as to this count is sustained without leave to amend. Given this outcome, it is not necessary to decide the plea of the statute of limitations and exclusive remedy under workers' compensation.

## Breach of Contract

Defendants contend that this count fails because the statute of frauds requires a writing when performance cannot be made within one year, under Va. Code § 11-2, and because the contract as alleged is not definite and certain in its terms.

Plaintiff responds that the employment contract alleged is at will which means it is for an indefinite term terminable by either party upon reasonable notice.

Here, there is no allegation that the plaintiff's employment was to last for a definite term as was the case in *Falls v. Virginia State Bar*, 240 Va. 416 (1990), where the plaintiff there would remain employed as long as his work was satisfactory. In *Falls*, plaintiff's claim for breach of employment contract failed because of lack of compliance with the Statute of Frauds. Here, plaintiff has alleged an oral contract and that it was breached. Lack of a given contract term, which even defendants agree obtains, makes the Statute of Frauds not applicable.

Otherwise, plaintiff has sufficiently alleged the elements of a contract to state a cause of action. The plea and demurrer as to this count is overruled.

## *Punitive Damages*

In *Kamlar Corp. v. Haley*, 224 Va. 669 (1983), the Supreme Court of Virginia said that a claim for punitive damages in a contract action is proper when a separate independent tort is alleged and proved. At this juncture there is an adequate basis in the record, as far as the pleadings are concerned, to provide a basis for punitive damages. The demurrer regarding this aspect of plaintiff's pleading is overruled.

## *Conclusion*

For the foregoing reasons, the statue of limitations as to fraud is taken under advisement. The demurrer to the fraud count is overruled. The demurrer to the claim of intentional infliction of emotional distress is sustained without leave to amend. The plea of the Statute of Frauds to the contract claim is overruled as is the demurrer to the claim for punitive damages.